The TORRINGTON COMPANY, Plaintiff,

Federal–Mogul Corporation,
Plaintiff–Intervenor,

v.

UNITED STATES, Defendant,

SKF USA Inc. and SKF Industrie,
S.p.A.; FAG Cuscinetti S.p.A.,
Defendant–Intervenors.

Court No. 91–08–00568.
Slip Op. 93–234.

United States Court of
International Trade.

Dec. 10, 1993.

Stewart and Stewart (Eugene L. Stewart,
Terence P. Stewart, James R. Cannon, Jr.,
Geert De Prest, Margaret E.O. Edozien, Wil-

liam A. Fennell, Wesley K. Caine, Myron A. Brilliant, Robert A. Weaver, Patrick J. Mc-Donough and Amy S. Dwyer), Washington, DC, for plaintiff.

Frederick L. Ikenson, P.C. (Frederick L. Ikenson, J. Eric Nissley, Larry Hampel and Joseph A. Perna, V), Washington, DC, for plaintiff-intervenor Federal–Mogul Corp.

Frank W. Hunger, Asst. Atty. Gen.; David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice (Velta A. Melnbrencis and Jane E. Meehan); of counsel: John D. McInerney, Acting Deputy Chief Counsel for Import Admin., Dean A. Pinkert, Stephen J. Claeys, D. Michael Kaye and Douglas S. Cohen, Attorney–Advisors, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

Howrey & Simon (Herbert C. Shelley, Scott A. Scheele, Alice A. Kipel, Thomas J. Trendl and Juliana M. Cofrancesco), Washington, DC, for defendant-intervenors SKF USA Inc. and SKF Industrie, S.p.A.

Grunfeld, Desiderio, Lebowitz & Silverman (Max F. Schutzman, David L. Simon, Andrew B. Schroth and Matthew L. Pascocello), New York City for defendant-intervenor FAG Cuscinetti S.p.A.

## OPINION

TSOUCALAS, Judge:

Plaintiff, The Torrington Company ("Torrington"), and plaintiff-intervenor Federal–Mogul Corporation ("Federal–Mogul"), commenced this action to challenge certain aspects of the Department of Commerce, International Trade Administration's ("ITA") final results in the first administrative review of imports of antifriction bearings from Italy. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Italy; Final Results of Antidumping Duty Administrative Reviews,* 56 Fed.Reg. 31,751 (1991). Substantive issues raised by the parties in the underlying administrative proceeding were addressed by the ITA in the issues appendix to *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany; Final Results of Antidumping*

*Duty Administrative Review* ("*Issues Appendix*"), 56 Fed.Reg. 31,692 (1991).

### Background

In *Torrington Co. v. United States,* 17 CIT ——, ——, 832 F.Supp. 365, 378 (1993), this Court remanded this case to the ITA to add the full amount of [value added tax] paid on each sale in the home market to [foreign market value] without adjustment; to determine if SKF's two methods of reporting discounts in the home market for SKF Cuscinetti and SKF Industrie, S.p.A. meet the standard required for those discounts to be treated as direct selling expenses and subtracted from [foreign market value] or if information on the administrative record does not support deduction as direct expenses, to treat these discounts as indirect selling expenses; to develop a methodology which removes discounts paid on sales of out of scope merchandise from any adjustments made to [foreign market value] for SKF's discounts or, if no viable method can be developed, to deny such an adjustment in its calculation of [foreign market value]; and to develop a methodology which removes discounts paid on FAG's sales of out of scope merchandise from any adjustments made to .[United States price] for discounts or, if no viable method can be developed, to deny such an adjustment in its calculation of [United States price].

On September 22, 1993, the ITA filed with this Court its Final Results of Redetermination Pursuant to Court Remand, *The Torrington Company v. United States,* 832 F.Supp. 365 (1993) ("*Remand Results*"). In its Remand Results, the ITA: for certain respondents added to foreign market value ("FMV") the amount of value added tax ("VAT") paid on sales of the subject merchandise in the home market without adjustment and also added the exact same amount to United States price ("USP"); disallowed SKF Industrie's cash discount adjustment to FMV; granted SKF Cuscinetti's cash discount adjustment as a direct adjustment to FMV and disallowed FAG Cuscinetti S.p.A.'s ("FAG") discount adjustment to USP. *Remand Results* at 3–7.

## Discussion

ITA's final results filed pursuant to a remand will be sustained unless that determination is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *Alhambra Foundry Co. v. United States*, 12 CIT 343, 345, 685 F.Supp. 1252, 1255 (1988).

### 1. Value Added Tax

■ Torrington and Federal–Mogul challenge the ITA's treatment of Italy's VAT. *Torrington's Comments on the Remand Results and Memorandum in Support of Motion for Second Remand ("Torrington's Comments")* at 1–2; *Federal–Mogul Corporation's Comments Concerning Defendant's Final Results of Redetermination Pursuant to Court Remand ("Federal–Mogul's Comments")* at 1–4.

In its Remand Results, as instructed by this Court, the ITA added the amount of VAT paid on each sale in the home market without making a circumstance of sale ("COS") adjustment to this amount. In addition and on its own initiative, the ITA added the exact same amount to USP instead of following its usual practice of applying the *ad valorem* VAT rate to the net USP after all adjustments had been made and adding this amount to USP. *Remand Results* at 3–4; *see Issues Appendix*, 56 Fed.Reg. at 31,729. ITA's rationale for its new approach is based on its interpretation of the United States Court of Appeals for the Federal Circuit's recent decision on the VAT issue in *Zenith Elecs. Corp. v. United States*, 988 F.2d 1573, 1580–82 (Fed.Cir.1993). *Remand Results* at 3. ITA implemented its stated methodology only for respondents whose dumping margins were being recalculated on remand for some other reason and for respondents who did not participate in the Second Administrative Review because the ITA's new methodology only changes cash deposit rates which are no longer in effect for all respondents. *Id.* at 4–5.

Defendant argues that the ITA's new VAT methodology is responsive to this Court's remand order. Specifically, the defendant argues that this new methodology adds the full amount of VAT to FMV, ensures that the tax adjustment made to USP is not greater than the amount of VAT added to FMV and does not make a COS adjustment to the amount of VAT added to FMV. *Remand Results* at 3; *Defendant's Rebuttal to Torrington's, Federal–Mogul's and SKF's Comments on the Remand Results and Opposition to Torrington's Motion for a Second Remand ("Defendant's Comments")* at 2.

For a detailed discussion of Torrington, Federal–Mogul and defendant's arguments on this issue, see this Court's decision in *Federal–Mogul Corp. v. United States*, 17 CIT ——, ——–——, 834 F.Supp. 1391, 1395–98 (1993).

Defendant requests this Court to reconsider its recent decisions in *Federal–Mogul*, 17 CIT ——, 834 F.Supp. 1391, and *Torrington Co. v. United States*, 17 CIT ——, 834 F.Supp. 1384 (1993), which found that the ITA's new VAT methodology is not in accordance with law.

Defendant–Intervenors, FAG and SKF USA Inc. and SKF Industrie, S.p.A. ("SKF") essentially support defendant's arguments on this issue. *Rebuttal Comments and Memorandum of Defendant–Intervenor FAG Cuscinetti SpA in Opposition to Plaintiff's Comments on the Remand Results and Memorandum in Support of Motion for Second Remand ("FAG's Comments")* at 2; *Comments of SKF Regarding Final Remand Results ("SKF's Comments")* at 1–7.

SKF emphasizes that unless the VAT rate is applied to comparable FMV and USP tax bases, application of the VAT rate to USP may result in the creation of dumping margins, a result which SKF contends cannot be allowed pursuant to the Court of Appeals for the Federal Circuit's decision in *Zenith*, 988 F.2d at 1582. *SKF's Comments* at 2–7; *Rebuttal of SKF to Comments of Federal–Mogul and Torrington Regarding Final Results of Redetermination and Opposition to Mo-*

*tion of Torrington for Second Remand* at 2–8.

This Court remanded this issue for the ITA "to add the full amount of VAT paid on each sale in the home market to FMV without adjustment. . . ." *Torrington*, 17 CIT at ——, 832 F.Supp. at 369. Nowhere did this Court discuss changing the ITA's method of adding an amount to USP pursuant to 19 U.S.C. § 1677a(d)(1)(C) (1988) to account for Italy's VAT. In fact, this Court implicitly affirmed the ITA's methodology for adjusting USP in its discussion of the tax base issue in *Federal–Mogul Corp. v. United States*, 17 CIT ——, —— – ——, 813 F.Supp. 856, 865–66 (1993).

This Court has fully addressed defendant and defendant-intervenor's arguments on this issue and adheres to its decisions in *Federal–Mogul*, 17 CIT at —— – ——, 834 F.Supp. at 1397–1400 and *Torrington*, 17 CIT at —— – ——, 834 F.Supp. at 1385–88.

Therefore, since as a matter of law the ITA has incorrectly adjusted USP for Italy's VAT, and since there is no just reason for delay in the entry of final judgment on this issue, this Court is entering final judgment on this issue ordering the ITA to apply Italy's VAT rate to USP calculated at the same point in the stream of commerce as where Italy's VAT is applied for home market sales and add the resulting amount to USP.

2. *SKF Industrie's Home Market Cash Discounts*

■ SKF challenges the ITA's denial of an adjustment to FMV for SKF Industrie's home market cash discounts. *SKF's Comments* at 7–12.

In its Remand Results, the ITA denied SKF Industrie an adjustment to FMV for home market cash discounts because the ITA found that

> based on the record submitted to us, we have no information that would allow us to segregate discounts on in-scope merchandise from those attributable to out-of-scope merchandise. Because we are unable to develop an appropriate methodology, we denied SKF Industrie's home market cash

discount adjustment, as instructed by the Court.

*Remand Results* at 5–6.

SKF argues that removal of discounts made on sales of out of scope merchandise would yield an identical adjustment factor as would use of the adjustment methodology approved by the Court of Appeals for the Federal Circuit in *Smith–Corona Group v. United States*, 713 F.2d 1568, 1579–80 (Fed. Cir.1983), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1274, 79 L.Ed.2d 679 (1984). *SKF's Comments* at 9–11. SKF argues that "an allocation methodology that allocates the total adjustments over total sales may be reasonable as the only manner in which the adjustment can be allocated, and allows no room for distortion or manipulation." *Id.* at 11. Therefore, the ITA should have, at a minimum, allowed SKF Industrie's cash discount claims as indirect selling expenses. *Id.* at 11–12.

Defendant argues that SKF Industrie's allocation methodology is not the same as the methodology approved by the court in *Smith–Corona*, 713 F.2d at 1579–80. In *Smith–Corona*, the rebates at issue were calculated as a fixed percentage of the sales price. In this case, there is no evidence that SKF Industrie's rebates were a fixed percentage of sales price. *Defendant's Comments* at 8–9. In addition, defendant points out that this Court recently affirmed the ITA's rejection of the same allocation methodology as proposed by SKF in *Federal–Mogul*, 17 CIT at —— – ——, 834 F.Supp. at 1398–1400.

Torrington agrees with defendant's arguments on this issue. *Torrington's Rebuttal Comments* at 2.

Defendant and Torrington are correct that the methodology approved by the Court of Appeals for the Federal Circuit in *Smith–Corona*, 713 F.2d at 1579–80, only works if the cash discounts paid to each customer are the same for each sale of in-scope and out of scope merchandise which occurred during the period of review. By definition, this can occur in situations where a respondent made lump sum payments to a customer in regard to all of that customer's purchases. Defendant states that the ITA was unable to find

evidence on the administrative record that SKF Industrie had made these types of cash discount payments. *Remand Results* at 5; *Defendant's Comments* at 8–9.

SKF has presented no evidence that the cash discounts paid to each customer by SKF Industrie are the same for each sale of in-scope and out of scope merchandise.

Therefore, ITA's denial of an adjustment to FMV for SKF Industrie's home market cash discounts is in accordance with law and supported by substantial evidence on the administrative record and is affirmed. *Federal–Mogul*, 17 CIT at —— – ——, 834 F.Supp. at 1398–1400.

### 3. *FAG's U.S. Market Discounts*

■ Torrington challenges the ITA's denial of an adjustment to USP for FAG's U.S. market discounts. *Torrington's Comments* at 3–7.

In its Remand Results, the ITA denied FAG an adjustment to USP for U.S. market discounts because the ITA found that:

> Based on the record submitted to us, we have no information that would allow us to segregate discounts on in-scope merchandise from those attributable to out-of-scope merchandise. Because we are unable to develop an appropriate methodology, we denied the adjustment to USP for discounts granted in the U.S. market, as instructed by the Court. We note, however, that denying the adjustment benefits the respondent because it increases USP which, in turn, decreases the dumping margin. We will follow the Court's specific instruction in this remand and deny the adjustment to USP for discounts, even though it decreases FAG's dumping margin.

*Remand Results* at 6–7.

This Court remanded this issue for the ITA "to develop a methodology which removes discounts paid on FAG's sales of out of scope merchandise from any adjustments made to USP for discounts or, if no viable method can be developed, to deny such an adjustment in its calculation of USP." *Torrington*, 17 CIT at ——, 832 F.Supp. at 369.

Torrington argues that, by failing to make any deduction for U.S. market discounts, the ITA departed from longstanding law and administrative practice and rewarded a respondent who was unable to provide the ITA with correct information with a lower dumping margin. *Torrington's Comments* at 3–4.

Torrington points out that this Court realized the need to treat reported price adjustments in a way which provides respondents with an incentive to provide the ITA with complete and accurate information and to provide actual price information as opposed to allocated price information. This may require different treatment of the same type of expenses when calculating USP and FMV. Therefore, when the information provided by a respondent is insufficient, the ITA will make inferences which increase dumping margins. *Torrington's Comments* at 4 (*citing Torrington*, 17 CIT at ——, 832 F.Supp. at 1400).

In this case, Torrington argues that the ITA did not follow its normal procedure of making an adverse inference but, instead, rewarded a respondent who provided deficient information with a smaller dumping margin. *Torrington's Comments* at 4–5.

Torrington argues that the ITA should have used best information available ("BIA") for FAG's U.S. market discounts instead of making no deduction at all. Torrington suggests calculating a substitute discount factor or using the highest reported FAG U.S. discount pursuant to 19 U.S.C. § 1677e(c) (1988), as the ITA did in the most recent administrative review of antifriction bearings. *Torrington's Comments* at 4–7. Torrington argues that to do otherwise would reward a respondent for deficient reporting of U.S. sales information, provide an incentive for future respondents not to report accurate U.S. sales information and unnecessarily harm the domestic industry. *Id.* at 5–7.

Defendant argues that this Court's Remand Order left it no choice but to deny FAG's reported U.S. market discounts. *Defendant's Comments* at 7–8.

FAG argues that the ITA followed the letter of this Court's Remand Order and that

the Remand Results should be affirmed as to this issue. *Fag's Comments* at 3–4.

FAG argues that there is no basis for the ITA to apply BIA to FAG because the Court did not find FAG's reporting to be deficient. *Id.* at 3.

FAG believes that there is no legal basis for treating discounts in the home market and U.S. market differently *"provided the reporting methodology in the respective markets is honestly and accurately presented."* *Id.* at 4–5 (emphasis in original).

In addition, FAG argues that respondents are always required by law to submit accurate information to the ITA and that the use of BIA will remove any incentive for respondents to report information inaccurately. *Id.* at 5–6.

Finally, FAG argues that, if the Court decides that the ITA did err in denying an adjustment to USP for FAG's U.S. market discounts, the Court should order the ITA to make the adjustment as originally reported by FAG since there is no evidence on the administrative record that FAG reported discounts paid on out of scope merchandise and since FAG's reported discounts were verified by the ITA. *Id.* at 6–9.

■ In *Torrington,* 17 CIT at ——, 832 F.Supp. at 378, this Court stated that

if a respondent allocates expenses on a customer-specific basis and does not meet the requirements of *Smith–Corona,* 713 F.2d at 1580, the ITA is allowed to make an adverse inference and treat the expenses in such a way as to encourage the respondent to submit actual expense information in the future. In this case, FAG has allocated its payments of discounts in the U.S. market on a customer-specific basis. AR Italy Pub.Doc. No. 106. There is no contention that FAG has used the same allocation methodology as the one approved in *Smith–Corona* even though FAG alleges that the end result of the two methods is the same. Therefore, the ITA was correct to treat FAG's discounts in the U.S. market as direct selling expenses. However, once again this Court cannot tell from the administrative record whether discounts paid on out of scope merchandise

were used to calculate the adjustment to USP for FAG's discounts. Therefore, this issue is remanded to the ITA to develop a methodology which removes discounts paid on FAG's sales of out of scope merchandise from any adjustments made to USP for discounts or, if no viable method can be developed, to deny such an adjustment in its calculation of USP.

The Court has reconsidered its decision to order the ITA to *deny* an adjustment to USP for discounts paid on U.S. sales in a situation, such as here, where discounts paid on sales of out of scope merchandise may have been used to calculate an adjustment to USP. In such a situation, the ITA is required "to make an adverse inference and treat the expenses in such a way as to encourage the respondent to submit actual expense information in the future." *Id.* at 378.

ITA's current administrative practice is to deduct[ ] all U.S. discounts, rebates, or price adjustments if actual amounts were reported on a transaction-specific basis. If these expenses were not reported on a transaction-specific basis, we used BIA for the adjustment and treated the adjustment as a direct deduction from USP.

*Final Results of Antidumping Duty Administrative Reviews and Revocation in Part of an Antidumping Duty Order,* 58 Fed.Reg. 39,729, 39,759 (1993); *see also Tapered Roller Bearings, Four Inches or Less in Outside Diameter, and Certain Components Thereof, From Japan; Final Results of Antidumping Duty Administrative Review,* 56 Fed.Reg. 26,054, 26,059 (1991).

Therefore, this case is remanded to the ITA to apply its current administrative practice and choose appropriate BIA for this adjustment to FAG's USP and treat the adjustment as a direct selling expense.

### Conclusion

In accordance with the foregoing opinion, since as a matter of law the ITA has incorrectly adjusted USP for Italy's VAT, and since there is no just reason for delay in the entry of final judgment on this issue, this Court is entering final judgment on this issue ordering the ITA to apply Italy's VAT rate

to USP calculated at the same point in the stream of commerce as where Italy's VAT is applied for home market sales and add the resulting amount to USP. This case is remanded to the ITA to apply its current administrative practice and choose appropriate BIA for the adjustment to FAG's USP for U.S. market discounts and to treat the adjustment as a direct selling expense. In addition, the ITA's decisions to grant an adjustment to FMV for SKF Cuscinetti's home market cash discounts and to deny an adjustment to FMV for SKF Industrie's home market cash discounts are affirmed. The second remand results are due within thirty (30) days of the date this opinion is entered. Comments or responses by the parties are due within fifteen (15) days thereafter. Any rebuttal comments are due within fifteen (15) days of the date responses or comments are due.

### *PARTIAL JUDGMENT AND ORDER*