The TORRINGTON COMPANY, Plaintiff,

Federal–Mogul Corporation,
Plaintiff–Intervenor,

v.

UNITED STATES, Defendant,

SKF USA Inc. and SKF Industrie,
S.p.A.; FAG Cuscinetti SpA,
Defendant–Intervenors.

Court No. 91–08–00568.
Slip Op. 94–167.

United States Court of
International Trade.

Oct. 20, 1994.

See also, 850 F.Supp. 1.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Geert De Prest, Margaret E.O. Edozien, William A. Fennell, Wesley K. Caine, Myron A. Brilliant, Robert A. Weaver, Patrick J. McDonough and Amy S. Dwyer, Washington, DC, for plaintiff.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Joseph A. Perna, V and Larry Hampel, Washington, DC, for plaintiff-intervenor Federal–Mogul Corp.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Velta A. Melnbrencis, Asst. Director, and Jane E. Meehan, Washington, DC (John D. McInerney, Acting Deputy Chief Counsel for Import Admin., Dean A. Pinkert, Stephen J. Claeys, D. Michael Kaye and Douglas S. Cohen, Attorney–Advisors, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel), for defendant.

Howrey & Simon, Herbert C. Shelley, Scott A. Scheele, Alice A. Kipel, Thomas J. Trendl and Juliana M. Cofrancesco, Washington, DC, for defendant-intervenors SKF USA Inc. and SKF Industrie, S.p.A.

Grunfeld, Desiderio, Lebowitz & Silverman, Max F. Schutzman, David L. Simon, Andrew B. Schroth, Matthew L. Pascocello and Jeffrey S. Grimson, New York City, for defendant-intervenor FAG Cuscinetti SpA.

## OPINION

TSOUCALAS, Judge:

Defendant-intervenor FAG Cuscinetti SpA ("FAG") moves for an order to direct the Department of Commerce, International Trade Administration ("Commerce"), to issue a fourth redetermination on remand and make the following corrections or amendments to its Final Results of Redetermination Pursuant to Court Remand, *The Torrington Company v. United States*, 850

F.Supp. 7 (1994) ("Final Results"): (1) reinstatement of FAG's U.S. discounts as originally reported or as indirect selling expenses; (2) reinstatement of a circumstance of sale ("COS") adjustment to foreign market value ("FMV") for home market pre-sale freight both when U.S. price ("USP") is based on exporter's sales price ("ESP") and when it is based on purchase price; and (3) recalculation of value added taxes ("VAT") by adding to USP and FMV, at the same point in the stream of commerce, the amount, and not the rate, of home market VAT.

## Background

On March 4, 1994, in *Torrington Co. v. United States,* 18 CIT ——, 850 F.Supp. 7 (1994), the Court remanded this case to Commerce, ordering Commerce (1) to implement its new VAT methodology; (2) to recalculate the VAT pursuant to the partial final judgment on the issue previously entered in the case; (3) to use the newly calculated VAT to determine best information available ("BIA") for U.S. discounts; and (4) to determine whether Commerce has statutory authority to adjust FMV, calculated using purchase price for only FAG's pre-sale inland freight in light of *Ad Hoc Comm. of AZ–NM–TX–FL Producers of Gray Portland Cement v. United States ("Ad Hoc"),* 13 F.3d 398 (Fed. Cir.1994).

Commerce filed the Final Results on May 17, 1994 and FAG has filed a motion requesting a fourth remand.

## Discussion

Commerce's final results filed pursuant to a remand will be sustained unless that determination is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Alhambra Foundry Co. v. United States,* 12 CIT 343, 345, 685 F.Supp. 1252, 1255 (1988); *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938).

### 1. *U.S. Discounts*

FAG argues that this Court erred in directing Commerce to apply BIA to FAG's U.S. discounts if Commerce could not develop a methodology which separates discounts paid on non-scope merchandise from discounts paid on scope merchandise. FAG alleges that the record clearly demonstrates that non-scope discounts were not included in FAG's reported U.S. discounts and that BIA is wholly unwarranted as its discounts were accurately reported. *Defendant–Intervenor FAG Cuscinetti SpA's Comments on the Final Results of Redetermination on Remand and Memorandum in Support of FAG's Motion for Fourth Remand ("FAG's Comments")* at 4–7.

The arguments raised by FAG regarding this issue have already been considered and rejected by the Court in this case. *Torrington Co. v. United States,* 17 CIT ——, ——, 832 F.Supp. 365, 377–78 (1993); *Torrington Co. v. United States,* 17 CIT ——, ——, 850 F.Supp. 1, 5–6 (1993), *appeal filed* Nos. 94–1185, 94–1188 (Fed.Cir. Jan. 24, 1994). After considering the arguments of the parties, including FAG, this Court agreed that Commerce was correct in treating U.S. market FAG's discounts as direct selling expenses, but stated:

> However, once again this Court cannot tell from the administrative record whether discounts paid on out of scope merchandise were used to calculate the adjustment to USP for FAG's discounts. Therefore, this issue is remanded to the ITA to develop a methodology which removes discounts paid on FAG's sales of out of scope merchandise from any adjustments made to USP for discounts or, if no viable method can be developed, to deny such an adjustment in its calculation of USP.

*Torrington Co.,* 17 CIT at ——, 832 F.Supp. at 378.

Commerce thereafter found it could not isolate discounts for scope merchandise and made no deduction for U.S. market discounts. This Court subsequently reconsidered its decision to deny any adjustment to USP for discounts in such a situation and determined that Commerce should make an adverse inference so as to encourage the

respondent to submit actual expense information in the future. Therefore, in accordance with Commerce's current administrative practice, the Court ordered Commerce to choose appropriate BIA for the adjustment to FAG's USP and treat the adjustment as a direct selling expense. *Torrington Co.,* 17 CIT at ——, 850 F.Supp. at 6.

This Court, having considered the comments of all parties and noted Commerce's compliance with the Court's instructions on this issue, hereby sustains the remand results as to this issue.

## 2. *Treatment of Home Market Pre–Sale Freight Expenses*

FAG also argues that, contrary to the specific remand instructions of this Court and the clear language of *Ad Hoc,* Commerce erred as a matter of law in recharacterizing pre-sale movement expenses incurred on ESP transactions as indirect selling expenses. Although it agrees that Commerce's rationale for adjusting purchase price sales for pre-sale freight pursuant to the COS provision is a correct and lawful reading of the regulations, FAG asserts that Commerce erred in denying FAG Italy's pre-sale movement expenses incurred on purchase price transactions. Specifically, FAG objects to the methodology adopted by Commerce to determine whether pre-sale freight expenses are direct or indirect in a purchase price comparison. *FAG's Comments* at 7–10.

The Court remanded this issue with these instructions:

> It is a cardinal rule of administrative law that an agency should be allowed to decide an issue for itself before a court addresses that issue. (Citation omitted.) This Court agrees with the ITA that it should be given the opportunity to address this issue first in light of the Federal Circuit's decision in *Ad Hoc Comm.*

> Therefore, this case is remanded to the ITA to allow the ITA to determine whether it has statutory authority to adjust FMV, calculated using purchase price, for only FAG's pre-sale inland freight in light of *Ad Hoc Comm.,* 13 F.3d 398.

*Torrington Co.,* 18 CIT at ——, 850 F.Supp. at 10.

On remand, Commerce decided that, in light of *Ad Hoc,* it can no longer deduct home market pre-sale freight expenses from FMV pursuant to its inherent power to fill gaps in the antidumping duty statute. Instead, when USP is based on purchase price, Commerce will adjust for home market pre-sale freight through the COS provision of 19 C.F.R. § 353.56 where the expense is directly related to the home market sales under consideration (a direct expense). To determine whether pre-sale freight is a direct expense, Commerce will consider whether the pre-sale warehousing expense is shown to be a direct expense. If the pre-sale warehousing constitutes a direct expense, Commerce will deem the pre-sale freight expense incurred in bringing the merchandise to the warehouse a direct expense as well. When USP is based on ESP, Commerce will use the COS adjustment in the same manner and will, additionally, adjust for any pre-sale freight charges found to be indirect selling expenses under the ESP offset provision, 19 C.F.R. § 353.56(b)(1) and (2). *Final Results* at 5–7.

In the Final Results at issue, Commerce treated pre-sale freight as indirect expenses because FAG did not report pre-sale warehousing as direct expenses and implemented ESP offset adjustments to FMV with respect to ESP sales. *Id.*

■ The Court agrees with the rationale articulated in a recent post-*Ad Hoc* case which sustained Commerce's new policy of deducting pre-sale freight in ESP comparisons as indirect expenses under the COS provision subject to the ESP offset cap, and in purchase price comparisons under the COS provision if they are direct selling expenses. *Ad Hoc Comm. of AZ–NM–TX–FL Producers of Gray Portland Cement v. United States,* 18 CIT ——, ——, 865 F.Supp. 857, 859–62, Slip Op. 94–151 at 6–13 (1994). In addition, the Court agrees with the rationale expressed in *Ad Hoc Comm. of AZ–NM–TX–FL Producers of Gray Portland Cement v. United States,* 18 CIT ——, ——, Slip Op. 94–152 at 2–4, 1994 WL 534945, at *1 (Sept. 26, 1994) that, in a purchase price comparison, if the pre-sale warehousing ex-

pense is not shown to be a direct expense, then it follows that the pre-sale freight expense is also not shown to be a direct expense.

Therefore, this Court, having considered the comments of all the parties, hereby sustains the remand results as to this issue.

### 3. *VAT Calculation and Adjustment*

■ Finally, FAG asserts that Commerce erred in adjusting USP for VAT by applying to USP the home market VAT rate rather than the absolute VAT amount charged on the corresponding home market sale. FAG states Commerce's methodology artificially inflates the difference between FMV and USP, is contrary to the plain meaning of the antidumping statute and conflicts with decisions of the Federal Circuit and of this Court. *FAG's Comments* at 10–15.

FAG's comments on Commerce's treatment of VAT are actually a re-briefing of the merits of the issue, which has been exhaustively briefed by all the parties in previous cases and already decided by this Court. *See Torrington Co.,* 17 CIT at ——, 850 F.Supp. at 3–4; *see also Federal–Mogul Corp. v. United States,* 17 CIT ——, ——, 834 F.Supp. 1391, 1396–97 (1993) (holding Commerce is to apply the rate of forgiven VAT to USP, calculated at the same point in the stream of commerce where the VAT is applied for home market sales, and to add the resulting amount to USP, without a COS adjustment to FMV). This Court remanded this issue so that Commerce could implement its new adjustment methodology and recalculate the VAT. As Commerce has complied with the Court's instructions, the Court sustains Commerce's remand results on this issue.

### *Conclusion*

In accordance with the foregoing opinion, this Court, after due deliberation and a review of all papers in this action, finds that Commerce's actions were in accordance with law and supported by substantial evidence. For the reasons stated above, FAG's motion for a fourth remand is denied and the Final

Results are affirmed. This case is hereby dismissed.