THYSSEN STAHL AG, THYSSEN STEEL DETROIT CO., AND
THYSSEN INC., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 93–09–00586–AD

(Dated November 17, 1995)

*Sharretts, Paley, Carter & Blauvelt, P.C. (Gail T. Cumins, Ned H. Marshak* and *Beatrice A. Brickell)* for Thyssen Stahl AG, Thyssen Steel Detroit Co. and Thyssen Inc.
*Skadden, Arps, Slate, Meagher & Flom (Robert E. Lighthizer* and *John J. Mangan)* and *Dewey Ballantine (Alan Wm. Wolff* and *Michael H. Stein)* for AK Steel Corp., Bethlehem Steel Corporation, Gulf States Steel Inc. of Alabama, Inland Steel Industries, Inc., LTV Steel Co., Inc., National Steel Corporation, Sharon Steel Corporation, U.S. Steel Group a Unit of USX Corporation, WCI Steel, Inc. and Lukens Steel Company.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, and *Velta A. Melnbrencis,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; and Office of the Chief Counsel for Import Administration, U.S. Department of Commerce *(Jeffrey C. Lowe),* of counsel, for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* The court's slip op. 95–78 herein, 19 CIT 605, 886 F.Supp. 23 (1995), familiarity with which is presumed, granted the motion of ten U.S. steel companies for judgment on the record compiled by the International Trade Administration, U.S. Department of Commerce ("ITA") *sub nom. Notice of Final Determinations of Sales at Less Than Fair Value; Certain Hot-Rolled Carbon Steel Flat Products, Certain Cold-Rolled Carbon Steel Flat Products, Certain Corrosion-resistant Carbon Steel Flat Products and Certain Cut-to-Length Carbon Steel Plate From Germany,* 58 Fed.Reg. 37,136 (July 9, 1993), *amended,* 58 Fed.Reg. 44,170 (Aug. 19, 1993), to the extent of a remand to the agency to recalculate the margins of dumping by (a) disallowing an adjustment for plaintiffs' currency-hedging gains and (b) multiplying the rate of a German value-added tax ("VAT") by U.S. price and increasing that price by the resultant amount.

Remand was ordered on the latter issue in the light of recent case law and also changed ITA methodology in regard thereto. *See* Slip Op. 95–78, 19 CIT at ___, 886 F.Supp. at 32–35, citing, *inter alia, Federal-Mogul Corp. v. United States,* 17 CIT 1093, 834 F.Supp. 1391 (1993); *Avesta Sheffield, Inc. v. United States,* 17 CIT 1212, 838 F.Supp. 608 (1993); *The Torrington Company v. United States,* 18 CIT ___, 866 F.Supp. 1434 (1994); *United Electrical Workers of America v. United States,* 18 CIT ___, Slip Op. 94–199 (Dec. 28, 1994); *The Timken Company v. United States,* 19 CIT ___, Slip Op. 95–20 (Feb. 10, 1995); *Independent Radionic Workers of America v. United States,* 19 CIT ___, Slip Op. 95–45 (March 15, 1995); *Zenith Electronics Corp. v. United States,* 19 CIT ___, Slip Op. 95–46 (March 15, 1995); *Samsung Electronics Co. v. United States,* 19 CIT ___, Slip Op. 95–48 (March 16, 1995); *Final Determination of Sales at Less Than Fair Value: Ferrosilicon From Bra-*

*zil*, 59 Fed.Reg. 732 (Jan. 6, 1994). And the ITA has since filed with the court its remand determination, which states, in part:

> In accordance with the *Federal-Mogul* decision and the CIT's decision in this proceeding, Commerce has recalculated the margins on remand by applying the foreign market tax rate to the price of the United States merchandise at the same point in the chain of commerce that the foreign market tax was applied to foreign market sales. Commerce's remand determinations comport with the agency's current methodology concerning tax adjustments. *See, e.g., Silicomanganese from Venezuela: Final Determination of Sales at Less Than Fair Value*, 59 Fed.Reg. 55,436, 55,439 (November 7, 1994)(Comment 6).

Subsequent to receipt of this determination, the plaintiffs interposed a Motion for Leave to File Brief thereon,

> notwithstanding the fact that plaintiff[s] did not raise the issue discussed therein (the propriety of the DOC's making a secondary VAT adjustment to USP and to Foreign Market Value * * *) during the course of the DOC's remand investigation.

Counsel for the defendant and for the domestic companies responded with papers in opposition, *e.g.*:

> * * * We hereby oppose the motion because plaintiffs are seeking to question the methodology of the Department of Commerce * * * for calculating the value-added tax * * * adjustment to United States price * * * in circumstances in which, upon remand, the agency simply followed the methodology which it has used in other cases and which plaintiff[s] had not previously challenged.[1]

Notwithstanding the above-cited case law and referenced changed administrative approach taken in other proceedings, the intervenor-defendants in *Federal-Mogul* had appealed to the U.S. Court of Appeals for the Federal Circuit. And a majority of that court has now decided to reverse and remand to the Court of International Trade for further proceedings,

> including an opportunity for Commerce to inform the court whether it wishes to continue utilizing the tax-neutral methodology employed in its Final Determination.

*Federal-Mogul Corporation v. United States*, 63 F.3d 1572, 1582 (Fed.Cir. 1995).

Presumably, this conclusion was deemed necessary because the referenced, original determination of the ITA regarding application of a VAT had been held not to be in accordance with the law by the Court of International Trade, yet the agency did not join or otherwise participate in the appeal therefrom. Be that as it may, and despite defendant's stated opposition to consideration of matters not previously challenged,

---

[1] Defendant's Opposition to Motion by Plaintiffs for Leave to File Brief, p. 1.

let alone the rationality, thereof, counsel for the defendant now notify this court that

> Commerce now wishes to return to the tax-neutral methodology that was found by the appellate court to be reasonable in *Federal Mogul* and that Commerce had used in its original determination that was contested in this case. Consequently, a remand to Commerce in this case is appropriate in order to implement the original tax adjustment methodology.

And counsel for the involved domestic companies have informed the court that they do not now attempt to stand in the way of this wish. Alas, this consolidated case is remanded anew to the ITA to recalculate the dumping margins based upon the VAT methodology of its current choosing.[2]

The agency may have 45 days from the date hereof to effectuate that choice, whereupon any party claiming to be aggrieved by the result thereof (or by the result of the first remand on the currency-hedging issue) may have 30 days to present in writing its position. Any responses would be due within 15 days of receipt thereof.

---

[2] Defendant's motion to strike plaintiff's August 30, 1995 letter request for remand in the aftermath of the decision of the Federal Circuit in *Federal-Mogul* is hereby denied.